**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

SHERIDAN JOHNSON                          :
44 Rittenhouse Dr.                        :
Willingboro, NJ 08046                     :       CIVIL ACTION NO.: _____
                                          :
            Plaintiff,                    :       JURY TRIAL DEMANDED
                                          :
      v.                                  :
                                          :
HIGHWAY TRANSPORT CHEMICAL, LLC           :
2910 River Road                           :
Croydon, PA 19021                         :
                                          :
            Defendant.                    :

---------------------------------------------------------------

**COMPLAINT – CIVIL ACTION**

Plaintiff Sheridan Johnson ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against Defendant Highway Transport Chemical, LLC ("Defendant"), alleges as

follows:

**INTRODUCTION**

1.      Plaintiff brings this Complaint contending that Defendant discriminated against

him and ultimately terminated his employment because of his disability, past record of

impairment, and/or because it regarded him as disabled, and failed to provide him with a

reasonable accommodation for his disability in violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.*[1]

2.      Plaintiff further contends that Defendant interfered with his rights under the

Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and retaliated against him

for attempting to exercise his rights under the same.

---
[1] Plaintiff intends to amend this Complaint to assert parallel counts of discrimination and retaliation under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, upon the administrative exhaustion of those claims, which will occur on or around June 11, 2027.

3.    Finally, Plaintiff contends that Defendant violated Pennsylvania public policy by wrongfully discharging him for attempting to exercise his rights under the Pennsylvania Workers' Compensation Act.

## PARTIES

4.    Plaintiff Sheridan Johnson is a citizen of the United States and New Jersey, and currently maintains a residence at 44 Rittenhouse Dr., Willingboro, NJ 08046.

5.    Upon information and belief, Defendant Highway Transport Chemical, LLC a limited liability company organized and existing under the laws of the State of Tennessee with a principal address at 10024 Investment Drive, Suite 200, Knoxville, TN 37932, and a business location at 2910 River Road, Croydon, PA 19021, out of which Plaintiff was employed.

## JURISDICTION AND VENUE

6.    On or around June 11, 2026, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"), which was docketed as Charge No. 530-2026-07252, and was dual-filed with the Pennsylvania Human Relations Commission.

7.    Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practices alleged herein.

8.    On June 24, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff related to the above-referenced EEOC Charge against Defendant.

9.    On or about July 30, 2026, within the relevant statutory timeline, Plaintiff filed the instant matter.

10.    Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

11.     This action is authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13.     This Court has general personal jurisdiction over Defendant because, *inter alia*, Defendant is registered to do business within the Commonwealth of Pennsylvania.  See 42 Pa. Cons. Stat. § 5301(a)(2)(i) ("qualification as a foreign corporation" permits Pennsylvania courts to "exercise general personal jurisdiction" over such entities); Mallory v. Norfolk S. Ry., 600 U.S. 122, 132-139 (2023).

14.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's federal law claims.

15.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this district.

## **FACTUAL ALLEGATIONS**

16.     Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.     At all times relevant hereto, including 2026 and 2025, Defendant employed in excess of fifty (50) people at or within a seventy-five (75) mile radius of Plaintiff's worksite(s) in Croydon, PA.

18.     Defendant is a "covered employer" under the FMLA.

19.     Plaintiff began his employment with Defendant on or about July 31, 2024, in the position of Equipment Cleaning Technician.

20.     Plaintiff worked for Defendant full time, and thus well in excess of 1,250 hours in the 12 months preceding the start of his medical leave of absence described below.

21.     Throughout the course of his employment, Plaintiff performed his job well, receiving no discipline, warnings, or write-ups.

22.     On or about January 27, 2026, Plaintiff sustained a serious injury to his left shoulder while at work for Defendant.

23.     On or about January 30, 2026, Plaintiff notified his manager, Jonathan Yob ("Mr. Yob"), Service Center Manager, about his injury, and sought medical treatment at Concentra Urgent Care, where he received an X-ray.

24.     Thereafter, Plaintiff began physical therapy for a week and was placed on light duty at work.

25.     Approximately two (2) weeks later, Plaintiff contacted a workers' compensation attorney and was assigned a new doctor.

26.     On February 19, 2026, Plaintiff sought treatment at Regional Orthopedic in Cherry Hill, NJ, where he was diagnosed with an impingement syndrome of his left shoulder and recommended that Plaintiff not return to work until further specified.

27.     Regional Orthopedics provided Plaintiff with a workers' compensation update form that (1) listed his diagnosis as a "full thickness cuff tear L shoulder," (2) recommended physical therapy one to two times per week for four weeks, and (3) advised that Plaintiff not return to work for the time being.

28.     That same day, i.e. February 19, 2026, Plaintiff texted Mr. Yob and explained that he was unable to return to work until further notice and that Plaintiff would provide Defendant with the doctor's note as soon as he received it.

29. The next day, Plaintiff texted Mr. Yob the "Orders" document issued by Regional Orthopedic and his doctor, which listed his diagnosis and included medical orders stating that Plaintiff was "unable to return to work until further specified."

30. Based on the "read receipt" of those text messages, Mr. Yob read the message on February 20, 2026.

31. Approximately one week later, Plaintiff received a call from Samuel Square, Equipment Cleaning Technician, who told him that he had heard Plaintiff had been terminated.

32. Plaintiff then attempted to log on to Work Day and was unable to.

33. Plaintiff called HR to explain this issue, and they promised to call him back.

34. Plaintiff then received a call from HR and Mr. Yob informing him that he was being terminated.

35. On March 2, 2026, Plaintiff received a termination letter that stated his employment had been "terminated effective Friday, February 27, 2026" due to five consecutive days of unreported absences and your failure to report for scheduled light duty."

36. Nevertheless, Plaintiff had kept in contact with Defendant and Mr. Yob regarding his medical status and need for a reasonable accommodation in the form of medical leave to seek treatment for and/or recover from his shoulder injury, a disability within the meaning of the ADA.

37. Additionally, Plaintiff's communications with Defendant were sufficient to put Mr. Yob and Defendant on notice that he had a "serious health condition" within the meaning of the FMLA, and was requesting medical leave in connection with the same.

38.     Despite this, Defendant not only failed to notify Plaintiff of his right to up to twelve (12) weeks of job-protected leave under the FMLA, but utilized the aforementioned FMLA-covered absences as a negative factor in the decision to terminate his employment.

39.     Defendant discriminated against Plaintiff and terminated his employment because of his actual and/or perceived disability, because Defendant regarded him as being disabled, and/or in retaliation for his request(s) for reasonable accommodation thereto in violation of the ADA.

40.     Plaintiff's rotator cuff tear and shoulder impingement syndrome were disabilities within the meaning of the ADA in that they substantially limited Plaintiff in one or more major life activities including, but not limited to, lifting, pushing, pulling, grasping, and working.

41.     Upon information and belief, Plaintiff has since been replaced by a non-disabled individual.

42.     Defendant failed to engage in the interactive accommodation process required under the ADA and terminated Plaintiff in retaliation for his requests for an accommodation.

43.     Defendant willfully violated the provisions of the FMLA by failing to provide Plaintiff with notice of his potential eligibility for medical leave to care for his own serious health condition, utilizing Plaintiff's absences as a "negative" factor in evaluating his performance and in its decision to terminate his employment.

44.     Defendant terminated Plaintiff because of his request for FMLA leave and/or because Plaintiff attempted to exercise his rights to leave under the FMLA.

45.     By seeking medical treatment for his work-related shoulder injury and pursuing a workers' compensation claim, Plaintiff sought to exercise his rights under the Pennsylvania Workers' Compensation Act.

6

46.     Upon information and belief, Defendant understood Plaintiff's seeking of medical attention for his shoulder injury to be related to his work injury, which might result in a claim against Defendant for medical expense reimbursement and/or wage loss benefits under the Pennsylvania Workers' Compensation Act ("PWCA").

47.     It is believed and therefore averred that Defendant wrongfully discharged Plaintiff for seeking to exercise his rights under the PWCA and/or "filing a claim" under the same.

48.     Plaintiff has, because of Defendant's unlawful, discriminatory, and retaliatory actions alleged herein, struggled to obtain other employment and has been forced to expend significant out of pocket expenses on health care.

49.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, lost employee benefits, lost earnings and earnings potential, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to him professional reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101, *et seq.*
### DISCRIMINATION & RETALIATION

50.     Paragraphs 1 through 49 are hereby incorporated by reference as though the same were fully set forth at length herein.

51.     At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act.

52.     At all times relevant hereto, Defendant employed at least fifteen (15) employees.

53.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

54.    Defendant was aware of Plaintiff's disability, record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

55.    Upon information and belief, Plaintiff has since been replaced by a non-disabled individual.

56.    Defendant failed to engage in an interactive process with Plaintiff to determine whether he could perform the essential functions of his job with or without a reasonable accommodation, such as a brief medical leave of absence.

57.    By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees have violated the ADA by failing to accommodate Plaintiff and discharging Plaintiff because of his disability, his record of disability/impairment, because they regarded him as being disabled within the meaning of the ADA, and/or in retaliation for requesting a reasonable accommodation for his disability.

58.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a)    Back wages, front pay, and employee benefits in an amount to be determined at trial;

b)    Compensatory damages, including, but not limited to for emotional distress and humiliation, in an amount to be determined at trial;

8

c)      Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d)      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e)      Pre-judgment interest in an appropriate amount; and

f)      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 12101, *et seq.***
**INTERFERENCE AND RETALIATION**

59.     Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60.     Plaintiff was an eligible employee under the FMLA and was entitled to twelve (12) weeks of job-protected leave to obtain treatment for his serious health conditions.

61.     Defendant willfully violated the FMLA by: (a) failing to provide Plaintiff with notice of his right to leave under the FMLA; (b) utilizing Plaintiff's absences caused by his shoulder injury as a "negative" factor in its decision to terminate him; and (c) terminating his employment in retaliation for his attempts to exercise his rights under the FMLA.

62.     The aforementioned actions constitute both interference and retaliation violations of the FMLA.

63.     Plaintiff has, because of Defendant's wrongful termination of his employment, struggled to obtain other employment and has suffered significant wage losses and loss of potential bonuses.

9

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

a)      Back wages, front pay, loss of health benefits, and raises in an amount to be determined at trial;

b)      Liquidated damages;

c)      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d)      Pre-judgment interest in an appropriate amount; and

e)      Such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT III
## WRONGFUL DISCHARGE IN VIOLATION OF
## PENNSYLVANIA PUBLIC POLICY

64.      Paragraphs 1 through 63 are hereby incorporated by reference as though the same were fully set forth at length herein.

65.      At all times relevant hereto, Defendant was subject to the provisions of the Pennsylvania Workers' Compensation Act ("PWCA").

66.      As stated above, Plaintiff suffered a work-related injury that caused him to require medical care and treatment, and which presented the possibility that Plaintiff would need time off from work.

67.      Plaintiff obtained treatment for his work-related injury through Defendant's workers' compensation healthcare provider, through which he was placed on light duty restrictions.

68.     Plaintiff subsequently sought alternative medical treatment for his disabling work injury with the assistance of legal counsel, and was recommended for physical therapy and a medical leave of absence.

69.     The PWCA, in pertinent part, prohibits an employer from taking any adverse employment action against an employee in retaliation seeking to exercise his or her rights to workers' compensation benefits under the PWCA.

70.     Plaintiff was terminated shortly after seeking alternative medical attention for his work injury.

71.     It is believed and therefore averred that Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatory terminating Plaintiff's employment because of Plaintiff's actual and/or anticipated claim for benefits under PWCA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant him the maximum relief allowed by law, including, but not limited to:

a)     Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

b)     Compensatory damages, including, but not limited to for emotional distress and humiliation, in an amount to be determined at trial;

c)     Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d)     Such other and further relief as is just and equitable under the circumstances;

e)        Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:        /s/ Michael Groh
         Michael Murphy, Esq.
         Michael Groh, Esq.
         Eight Penn Center, Suite 2000
         1628 John F. Kennedy Blvd.
         Philadelphia, PA 19103
         TEL: 267-273-1054
         FAX: 215-525-0210
         murphy@phillyemploymentlawyer.com
         mgroh@phillyemploymentlawyer.com
         Attorneys for Plaintiff

Dated: July 30, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.